## CITY OF SEDALIA ex rel. TAYLOR, Appellant, v. DUGAN.

### Division One, July 13, 1907.

TAXBILL: Estoppel. For the reasons stated in Sedalia ex rel. v. Smith, *ante*, page 346, the special taxbill involved in this case is held to be valid, whether or not defendant is, by having signed a petition asking that the street be paved, estopped to dispute its validity, and therefore the question of estoppel is not determined.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

REVERSED AND REMANDED.

GRAVES, J.—Three cases were argued and submitted together, i. e., City of Sedalia ex rel. Taylor v. David H. Smith, City of Sedalia ex rel. Taylor v. M. Dogherty, and City of Sedalia ex rel. Taylor v. Anna A. Dugan, the present case.

There is but one difference between this case and the Smith case, in which we have written a full opinion. In this case the defendant, Dugan, signed the following petition to the city council:

"Gentlemen: The undersigned property-owners on the street herein named respectfully ask that you cause to be paved that part of Fourth street in said city from Thomson avenue to Park avenue, the work not to begin before April first, A. D. 1895."

By this act plaintiff claims that defendant is estopped from denying the validity of the taxbill. Defendant claims that while she did sign said petition, it was one praying for an ordinance to pave the street and not for one to reduce the street to the established grade and then pave it; that the ordinance passed in obedience to the petition was for both classes of work, and therefore she is not estopped. In the view we have taken of the ordinance involved in all these cases, a discussion of this point is unnecessary, and we therefore decline to further discuss it.

The case is reversed and remanded to be proceeded with as indicated by an opinion in the Smith case, *ante,* page 346.

All concur.